UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES JOHNSON,<br><br>               Plaintiff<br><br>v.<br><br>WARDEN EBBERT,<br><br>               Defendant | CIVIL ACTION NO.3:15-CV-00578<br><br>(KOSIK, J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

Plaintiff Charles Johnson, proceeding *pro se*, is an inmate currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. Currently pending before this Court is an application to proceed *in forma pauperis* (Doc. 8), and a letter from Johnson dated May 29, 2015, requesting that this Court withdraw his application to proceed *in forma pauperis*. (Doc. 17). For the reasons provided herein, it is recommended that Plaintiff's letter be construed as a notice of voluntary dismissal and that the case be closed.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

On March 23, 2015, Johnson filed an "Emergency Preliminary and Permanent Injunction Motion" (Doc. 1), together with a memorandum of law in support of his motion (Doc. 2), which contained allegations that prison officials verbally threatened him and encouraged inmates affiliated with the white supremacist movement to assault him. (Doc. 1). He requested that the Court enter an order directing that he be transferred to a state prison in Missouri and that he be placed in protective custody until such time as he could be transferred to a state facility. (Doc. 1). This Court construed his filings as both a motion for a preliminary injunction and a complaint, and denied his motion for a preliminary injunction. (Doc. 7).

On March 31, 2015, Johnson filed a motion for leave to proceed *in forma pauperis*. (Doc. 8). On May 8, 2015, the Court entered an Order directing the Warden of the facility to provide a statement of the current balance of Plaintiff's inmate account as well as a record of the transactions in his account occurring within the preceding six (6) months. (Doc. 13). However, on May 18, 2015, the Court received a letter from Johnson, expressing his concern that the Court, in its May 8, 2015 Order, was attempting to assess a fee against him for filing a motion for a preliminary injunction. (Doc. 14). In response to that letter, the Court entered an Order on May 26, 2015, directing Johnson to withdraw his motion to proceed *in forma pauperis* and/or voluntarily dismiss his case no later than June 25, 2016, if he chose to do so. (Doc. 16). Johnson was advised that a failure to respond within that timeframe would result in the Court construing such inaction as his intent to proceed with his case. (Doc. 16).

On June 5, 2015, Johnson filed a letter with the Court requesting that he be permitted to withdraw his motion to proceed *in forma pauperis*, and that he wishes to withdraw his motion. (Doc. 17).

## II.  DISCUSSION

The Court has an obligation to liberally construe *pro se* pleadings and other submissions, particularly with respect to imprisoned *pro se* litigants. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-46 (3d Cir. 2013). Johnson does not cite Federal Rule of Civil Procedure 41(a)(2) itself, but it is clear that the intent of the letter is to request voluntary dismissal of his case pursuant to Rule 41(a)(1). (Doc. 17). With that in mind, this Court is inclined to liberally construe the letter as a notice of voluntary dismissal with regard to the entire action.

Voluntary dismissal is governed by Rule 41(a)(1). Rule 41(a)(1) "allows a plaintiff who complies with its terms to dismiss an action voluntarily and without court intervention."

*v. State Farm Ins. Co.*, 817 F.2d 1062, 1065 (3d Cir. 1987). Specifically, Rule 41(a)(1) provides, in relevant part:

> [T]he plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. . . . Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state- court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Fed.R.Civ.P. 41(a)(1). "This right of the plaintiff is 'unfettered'. . . . A proper notice deprives the district court of jurisdiction to decide the merits of the case." *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165-66 (3d Cir. 2008)(citations omitted). Moreover, "the notice results in dismissal without prejudice (unless it states otherwise), as long as the plaintiff has never dismissed an action based on or including the same claim in a prior case." *In re Bath & Kitchen Fixtures*, 535 F.3d at 165. The effect of a plaintiff filing a Rule 41(a)(1) notice of voluntary dismissal before the opposing party serves an answer or a motion for summary judgment is "automatic; the notice is not a motion, defendant does not file a response, and no order of the district court is needed to end the action." *Houser v. Beard*, No. CIV.A. 10-0416, 2013 WL 3943510, at *4 (W.D. Pa. July 30, 2013) (citing *In re Bath & Kitchen Fixtures*, 535 F.3d at 165). Due to the procedural posture of the case, the letter, construed as a Rule 41(a)(1) notice of voluntary dismissal, is "self-effectuating" and thus, acts to terminate the action.

### III. RECOMMENDATION

Based on the foregoing, it is recommend that:

1. Plaintiff's letter (Doc. 17) be **CONSTRUED** as a notice of voluntary dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i);

2. This action be **DISMISSED WITHOUT PREJUDICE** at the request of the Plaintiff pursuant to Fed.R.Civ.P. 41(a)(1); and

3

3. The Clerk be directed to **CLOSE** this case.

Dated: July 7, 2015                                               *s/ Karoline Mehalchick*
                                                                       **KAROLINE MEHALCHICK**
                                                                       **United States Magistrate Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES JOHNSON,<br><br>　　　　　Plaintiff<br><br>　v.<br><br>WARDEN EBBERT,<br><br>　　　　　Defendant | CIVIL ACTION NO.3:15-CV-00578<br><br>(KOSIK, J.)<br>(MEHALCHICK, M.J.) |

**NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **July 7, 2015**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: July 7, 2015                                                  *s/ Karoline Mehalchick*
                                                                        **KAROLINE MEHALCHICK**
                                                                        **United States Magistrate Judge**