UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES JOHNSON,

          Plaintiff,

    v.

WARDEN EBBERT,

          Defendant.

Civil Action No. 3:15-CV-00578

(Judge Kosik)

FILED
SCRANTON
JUL 2 3 2015

PER _____
DEPUTY CLERK

## ORDER

AND NOW, THIS 23rd DAY OF JULY, 2015, IT IS HEREBY ORDERED THAT:

[1] Plaintiff, Charles Johnson, a prisoner currently confined at the United States Penitentiary in Lewisburg, Pennsylvania, filed an "Emergency Preliminary and Permanent Injunction Motion" (Doc. 1) and a memorandum of law in support (Doc. 2), on March 23, 2015, alleging that prison officials verbally threatened and encouraged inmates affiliated with the white supremacist gang, to kill him. Currently before the Court is Plaintiff's application to proceed *in forma pauperis* (Doc. 8);

[2] The action was assigned to Magistrate Judge Karoline Mehalchick for Report and Recommendation;

[3] On April 13, 2014, the Court adopted the Magistrate Judge's Report and Recommendation dated March 25, 2015 (Doc. 7), denying Plaintiff's motion for an emergency preliminary and permanent injunction and remanding it to the Magistrate Judge for further proceedings (Doc. 12);

[4] After attempting to obtain Plaintiff's financial records, since Plaintiff filed an application to proceed *in forma pauperis*, Plaintiff wrote a letter to the Court (Doc. 14), filed on May 18, 2015, which stated that he did not authorize release of his funds and asked the Court not to charge him;

[5] On May 26, 2015, the Magistrate Judge issued an Order (Doc. 16), explaining the PLRA fee requirements and giving Plaintiff thirty (30) days in which to withdraw his motion to proceed *in forma pauperis* or to voluntarily dismiss his case;

[6] On June 5, 2015, Plaintiff filed another letter with the Court (Doc. 17), stating that he would like to withdraw his motion for an emergency preliminary and permanent injunction, so he would not be charged a fee;

[7] On July 7, 2015, the Magistrate Judge issued a Report and Recommendation (Doc. 18), recommending that Plaintiff's letter, filed June 5, 2015 (Doc. 17), be construed as a notice of voluntary dismissal, and that the action be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1);

[8] Plaintiff has failed to file timely objections to the Magistrate Judge's Report and Recommendation;

AND, IT FURTHER APPEARING THAT:

[9] If no objections are filed to a Magistrate Judge's Report and Recommendation, the Plaintiff is not statutorily entitled to a *de novo* review of his claims. 28 U.S.C.A. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-53 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987); and

[10] We have considered the Magistrate Judge's Report and concur with her recommendation. After reviewing the record, we agree with the Magistrate Judge that Plaintiff's letter to the Court (Doc. 17), filed on June 5, 2015, should be construed as a notice of voluntary dismissal, and that his action should be dismissed.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

[1] The Report and Recommendation of Magistrate Judge Mehalchick, dated July 7, 2015 (Doc. 18) is **ADOPTED**;

[2] The above-captioned action is **DISMISSED WITHOUT PREJUDICE** at the request of the Plaintiff; and

[3] The Clerk of Court is directed to **CLOSE** this case and to **FORWARD** a copy of this Order to the Magistrate Judge.

Edwin M. Kosik
United States District Judge